## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **NUFIX, INC., AND KEN HORTON,** ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. _____ |
| ) | |
| **BACTERIN INTERNATIONAL, INC.,** ) | |
| ) | |
| DEFENDANT. ) | |

### MOTION FOR PRELIMINARY INJUNCTION

**COME NOW** Plaintiffs, NuFix, Inc., an Alabama corporation ("NuFix") and Ken Horton ("Horton") (Horton and NuFix are collectively, the "Plaintiffs") and through the undersigned, and pursuant to Fed. R. Civ. P. 65 move this Court to enter an order of preliminary injunction enjoining Defendant, Bacterin International, Inc., a Nevada corporation ("Bacterin"), from manufacturing, selling, distributing, exploiting or using, or claiming the right to exploit or use, the facet fusion allograft (the "Allograft") developed by NuFix, its method of manufacture and related technology (the "NuFix Technology"), the NuFix name and mark (the "NUFIX Mark") and any other intellectual property belonging to NuFix, and from conducting all manufacture, sales and distribution of the Allografts. In support thereof, Plaintiffs state as follows:

1.    Defendant's wrongful actions, as set forth in Plaintiffs' Complaint, have caused irreparable harm to Plaintiffs.

2.    Plaintiffs' irreparable harm is on-going and will continue unless Defendant is enjoined from further infringing NuFix's legal rights in the NuFix Technology, the NUFIX Mark, and any other intellectual property belonging to NuFix, from utilizing the Confidential

1684954 v2

Information, and from falsely claiming rights to sell products using such intellectual property and the NuFix Technology.

3. There exists a substantial likelihood that Plaintiffs will prevail on the merits of this action. Furthermore, the damage to Plaintiffs if Defendant's wrongful conduct is permitted to continue will far outweigh any possible harm to Defendant if injunctive relief is granted.

4. Plaintiffs have no adequate remedy at law.

5. Plaintiffs will provide a good and sufficient bond in such amount as the Court deems proper for the payment of any costs, expense or damage which may be incurred by any party found to have been improvidently or erroneously enjoined.

**WHEREFORE,** Plaintiffs respectfully requests that the Court, upon due consideration, will issue a preliminary injunction against Defendant:

    (i) enjoining and restraining Defendant and their agents, servants and employees from manufacturing, selling, distributing, exploiting or using, or claiming the right to exploit or use, the facet fusion allograft (the "Allograft") developed by NuFix;

    (ii) exploiting or using the NuFix Technology in any way, including by selling or offering for sale, distributing, producing or manufacturing products utilizing the NuFix Technology;

    (iii) enjoining and restraining Defendant and their agents, servants and employees from making unauthorized use of the NUFIX Mark or any other confusingly similar name or mark; and

    (iv) enjoining and restraining Defendant and their agents, servants and employees from engaging in unfair competition and forbidding them from

representing that NuFix's intellectual property and the NuFix Technology are owned by or in the

(v)   control of Defendant, or that Defendant have any right to make use of such intellectual property and technology.

Respectfully submitted,

*/s/ James A. Hoover*

Howard P. Walthall (WALTH1113)
James A. Hoover (HOOVJ1490)
Marc P. Solomon (SOLOM7382)
Ellen T. Mathews (MATHE7624)

**OF COUNSEL:**

**BURR & FORMAN, LLP**
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: 205-251-3000
Facsimile: 205-458-5100

**TO BE SERVED WITH THE SUMMONS AND COMPLAINT**